UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAYISIYA DUBININA, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>DON HEINSOHN, et al.,<br><br>　　　　Defendants. | Case No. 25-cv-10542-JST<br><br>**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER; ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED**<br><br>Re: ECF No. 2 |

Plaintiffs Tayisiya Dubinina and Olena Cherednychenko have filed this case, along with a motion for a temporary restraining order, seeking to prevent enforcement of a November 14, 2025 order and a subpoena issued to Defendant Wells Fargo Bank in San Mateo Superior Court Case No. 17-FAM-02049. The Court will deny the motion and order Plaintiffs to show cause why this case should not be dismissed.

Even though Plaintiffs are representing themselves without an attorney, they must still follow all applicable federal and local rules. Civil L.R. 3-9(a). Under Civil Local Rule 65-1(a)(5), "[a] motion for temporary restraining order must be accompanied by . . . [a] declaration . . . certifying that notice has been provided to the opposing party, or explaining why such notice could not be provided." Under Rule 65(b)(1) of the Federal Rules of Civil Procedure:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Plaintiffs' motion states that they "will promptly provide Defendants and Wells Fargo notice of

1  this motion and all supporting papers by email and first-class mail," ECF No. 2 at 16, but they
2  have not provided any proofs of service demonstrating that notice has been provided. Nor do their
3  declarations, ECF Nos. 3–4, contain any information about efforts they have made to give notice
4  to Defendants, including Wells Fargo, or explain why such notice could not have been provided.
5  Moreover, having reviewed Plaintiffs' declarations, the Court is not persuaded that Plaintiffs have
6  clearly shown that they will be immediately and irreparably harmed before Defendants can be
7  heard in opposition to their motion. Plaintiffs' motion is therefore procedurally deficient.

Plaintiffs' motion also fails on the merits. Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 22 (2008). Plaintiffs "must establish that [they are] likely to succeed on the merits, that [they are] likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [their] favor, and that an injunction is in the public interest." *Id.* at 20. The court may "balance the elements" of this test, "so long as a certain threshold showing is made on each factor." *Leiva-Perez v. Holder*, 640 F.3d 962, 966 (9th Cir. 2011) (per curiam). Thus, for example, "serious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011) (citation modified).

In this case, the Court appears to lack jurisdiction to grant the relief Plaintiffs seek. "Proceedings in state courts should normally be allowed to continue unimpaired by intervention of the lower federal courts, with relief from error, if any, through the state appellate courts and ultimately [the United States Supreme] Court." *Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 287 (1970). Under the Anti-Injunction Act, a federal court "may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. It does not appear that any of these exceptions applies to this case, and "[a]ny doubts as to the propriety of a federal injunction against state court proceedings should be resolved

1  in favor of permitting the state courts to proceed." *Montana v. BNSF Ry. Co.*, 623 F.3d 1312,

2  1315 (9th Cir. 2010) (citation modified).  Plaintiffs have thus failed to show a likelihood of

3  success on the merits, or even the presence of serious questions going to the merits.  Because

4  Plaintiffs have "fail[ed] to meet this threshold inquiry, the court need not consider the other

5  factors" of the injunctive relief analysis.  *Disney Enters., Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856

6  (9th Cir. 2017) (citation modified).

7  For the above reasons, Plaintiffs' motion for a temporary restraining order is denied on

8  both procedural and substantive grounds.

9  In addition, Plaintiffs are ordered to show cause as to why this case should not be

10  dismissed because the relief they seek is barred by the Anti-Injunction Act.  Plaintiffs shall file a

11  written response to this order by January 9, 2026.  The matter will then be taken under submission

12  without a hearing.

13  **IT IS SO ORDERED.**

14  Dated:  December 12, 2025



JON S. TIGAR
United States District Judge