UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAYISIYA DUBININA, et al., | Case No. 25-cv-10542-JST |
| Plaintiffs, | |
| v. | **ORDER GRANTING MOTIONS TO DISMISS AND TERMINATING REMAINING MOTIONS AS MOOT** |
| DON HEINSOHN, et al., | |
| Defendants. | Re: ECF Nos. 28, 31, 37, 46 |

Defendants Bernie Johannes Kempen; Wells Fargo Bank, N.A.; and Don Heinsohn have filed motions to dismiss. ECF Nos. 28, 31, 37. Also pending before the Court is Plaintiffs' request for preliminary injunctive relief. ECF No. 46 (motion for temporary restraining order); ECF No. 48 (denying temporary restraining order and construing motion as one for preliminary injunctive relief).

For the reasons discussed below, the Court will grant Kempen's and Heinsohn's motions to dismiss the only federal claim Plaintiffs assert. The Court will decline to exercise supplemental jurisdiction over Plaintiffs' state claims, and the remaining motions will be terminated as moot.

## I.   BACKGROUND

As the operative complaint alleges, "This action arises from a family-law proceeding in the Superior Court of California, County of San Mateo, captioned *In re Marriage of Heinsohn and Cherednychenko*, Case No. 17-FAM-02049 (the 'Family Case'). Defendant Don Heinsohn is the petitioner, and Plaintiff Olena Cherednychenko is the respondent spouse." ECF No. 22 ¶ 17. Plaintiff Tayisiya Dubinina is a third party who "maintains personal and business-related accounts at Wells Fargo Bank, N.A." and "appeared in the Family Case to protect her property interests in response to claims asserted by Defendant Heinsohn." *Id.* ¶ 11. Heinsohn was previously

United States District Court
Northern District of California

represented by Defendant Kempen in the family law proceedings. Defendant Wells Fargo was served a subpoena in the family law case and responded by producing records relating to both Plaintiffs.

Plaintiffs bring a claim against Kempen and Heinsohn under 42 U.S.C. § 1983, alleging that they violated Plaintiffs' "(a) constitutional and informational privacy in highly sensitive financial and medical-related information; (b) procedural due process; and (c) meaningful access to constitutionally adequate legal process." ECF No. 22 ¶ 39. They allege that "Kempen acted under color of state law by invoking, unconstitutional discovery and vexatious-litigant prefiling mechanisms, and by purporting to wield state enforcement authority in communications to custodians of records to secure production of extraordinarily broad 'any and all' records and to deprive Plaintiffs of procedural due process." *Id.* ¶ 40. They "further allege that Defendant Heinsohn, though a private party, acted jointly with and obtained substantial assistance from Kempen, directed and benefited from the campaign to obtain extraordinarily broad and all-encompassing 'any and all' financial records, and knowingly participated in conduct constituting joint action under 42 U.S.C. § 1983." *Id.* ¶ 41.

Plaintiffs also bring state constitutional and common-law privacy claims against all three Defendants.

## II.    JURISDICTION

The Court has federal question jurisdiction under 28 U.S.C. § 1331.

## III.    LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Factual allegations need not be detailed, but they must be "enough to raise a right to relief above the

United States District Court
Northern District of California

speculative level," *Twombly*, 550 U.S. at 555, and "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678.  In determining whether a plaintiff has met the plausibility standard, the Court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable" to the plaintiff.  *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).

## IV.     DISCUSSION

### A.     Section 1983 Claim

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that "a right secured by the Constitution and laws of the United States" was violated, and (2) that the alleged violation was "committed by a person acting under the color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).  The second element requires that the act be committed by "a person who may fairly be said to be a governmental actor" and excludes "merely private conduct, no matter how discriminatory or wrong."  *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 836 (9th Cir. 1999) (citation modified).

Kempen and Heinsohn are both private—i.e., non-governmental—actors.  Thus, there is a "presumption that [their] private conduct does not constitute governmental action," which can be overcome "only in rare circumstances."  *Id.* (citation modified).  "The Supreme Court has articulated four distinct tests for determining when the actions of a private individual amount to state action: (1) the public function test; (2) the joint action test; (3) the state compulsion test; and (4) the governmental nexus test."  *Johnson v. Knowles*, 113 F.3d 1114, 1118 (9th Cir. 1997).  In this case, Plaintiffs seek to rely on the joint action and state compulsion tests.

"The joint action test asks whether state officials and private parties have acted in concert in effecting a particular deprivation of constitutional rights," which can be shown "either by proving the existence of a conspiracy or by showing that the private party was a willful participant in joint action with the State or its agents."  *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1140 (9th Cir. 2012) (citation modified).  Joint action requires a "substantial degree of cooperation" between the private actor and the state.  *Franklin v. Fox*, 312 F.3d 423, 445 (9th Cir. 2002).  It "exists when the state has so far insinuated itself into a position of interdependence with the

private entity that it must be recognized as a joint participant in the challenged activity." *Tsao*, 698 F.3d at 1140 (citation modified).

"State action may be found under the state compulsion test where the state has exercised coercive power or has provided such significant encouragement, either overt or covert, that the private actor's choice must in law be deemed to be that of the State." *Johnson*, 113 F.3d 1114, 1119 (9th Cir. 1997) (citation modified). "The government's mere approval of private initiatives, however, is not sufficient to justify holding the State responsible for those initiatives. Instead, the government must convey a threat of adverse government action, or otherwise impose incentives that overwhelm and essentially compel the party to comply with its requests." *Children's Health Def. v. Meta Platforms, Inc.*, 112 F.4th 742, 759 (9th Cir. 2024) (citation modified), *cert. denied*, 145 S. Ct. 2846 (2025).

Plaintiffs "agree that routine litigation participation, standing alone, is not state action." ECF No. 44 at 8. *See, e.g.*, *Savin v. Savin*, No. ED CV 14-1180-SJO (E), 2015 WL 3619184, at *21 (C.D. Cal. May 5, 2015), *report and recommendation adopted*, 2015 WL 3618166 (C.D. Cal. June 8, 2015), *aff'd*, 717 F. App'x 737 (9th Cir. 2018) ("[A]n attorney's representation of a private litigant in court proceedings does not render the attorney a 'state actor' for purposes of section 1983."). But they contend that the allegations in this case extend beyond such participation because Heinsohn and his lawyer, Kempen, "pursued extraordinarily broad" discovery, *id.* at 9, and Plaintiffs allege that Kempen "prepared, issued, and transmitted some subpoenas to Wells Fargo during periods when he was not the attorney of record for Heinsohn, and that he communicated with Wells Fargo using unauthorized materials in a manner that conveyed the appearance of compulsory legal authority without constitutionally adequate process," ECF No. 22 ¶ 21 (emphasis omitted); *see also id.* ¶ 40 (alleging that Kempen "purport[ed] to wield state enforcement authority" when he sought to secure production of records and also "acted under color of state law by invoking . . . vexatious-litigant prefiling mechanisms").

It is difficult to "see[] how any unconstitutional act by [Kempen or Heinsohn] would possibly provide benefits to the state," which undermines Plaintiffs' reliance on the joint action test. *Kirtley v. Rainey*, 326 F.3d 1088, 1094 (9th Cir. 2003). Nor have Plaintiffs alleged that "the

United States District Court
Northern District of California

4

state has exercised coercive power [over] or has provided . . . significant encouragement" to Kempen or Heinsohn. *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982). "Invoking state legal procedures" does not convert a private actor's behavior into state action, *Schucker v. Rockwood*, 846 F.2d 1202, 1205 (9th Cir. 1988) (citing *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 939 n. 21 (1982)), nor does "merely resorting to the courts," *Dennis v. Sparks*, 449 U.S. 24, 28 (1980); *see also Hupp v. County of San Diego*, No. 13CV2655-GPC (RBB), 2014 WL 2892287, at *2 (S.D. Cal. June 25, 2014) ("Plaintiff's allegations that Defendants violated the Constitution by exercising the rights provided for by the vexatious litigant statute are . . . foreclosed by precedent upholding the statutory scheme."). This is true even if a private party is alleged to have used state procedures "improperly." *Divinity v. Citigroup Inc.*, No. CV 12-8814 VAP FFM, 2013 WL 3449356, at *2 (C.D. Cal. July 8, 2013); *see also Lugar*, 457 U.S. at 940 ("That respondents invoked the [state] statute without the grounds to do so could in no way be attributed to a state rule or a state decision.").

Plaintiffs have failed to allege joint action, state compulsion, or any other basis for concluding—even at the liberal pleadings stage—that either Kempen or Heinsohn acted under color of state law. Their Section 1983 claim is therefore dismissed. Although Plaintiffs ask for leave to amend, they have identified no additional facts they could allege to convert the alleged actions of two private individuals into the state action that is required for a Section 1983 claim. Upon careful consideration of the underlying factual allegations, the Court dismisses Plaintiffs' Section 1983 claim with prejudice because "it is clear . . . that the complaint could not be saved by amendment," *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam), and that amendment would be "futile," *Foman v. Davis*, 371 U.S. 178, 182 (1962).

### B. Supplemental Jurisdiction

A district court "may decline to exercise supplemental jurisdiction" if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). In deciding whether to exercise supplemental jurisdiction, courts "consider and weigh . . . the values of judicial economy, convenience, fairness, and comity." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). When federal claims are eliminated at an early stage of litigation, the district court has "a powerful

United States District Court
Northern District of California

5

reason to choose not to continue to exercise jurisdiction." *Id.* at 351. Because Plaintiffs' sole federal claim has been dismissed early in this litigation, the Court declines to exercise supplemental jurisdiction over Plaintiffs' claims brought under California state law. Those claims are dismissed without prejudice, which means that Plaintiffs may, if they so choose, refile those claims in state court.

## CONCLUSION

Kempen's and Heinsohn's motions to dismiss, ECF Nos. 28, 37, are granted as to Plaintiffs' claim under 42 U.S.C. § 1983. Having dismissed Plaintiffs' only federal claim, the Court declines to exercise supplemental jurisdiction over Plaintiffs' state claims. The federal claim is dismissed with prejudice. The state claims are dismissed without prejudice.

Wells Fargo's motion to dismiss, ECF No. 31, and Plaintiffs' motion for preliminary injunctive relief, ECF No. 46, are terminated as moot.

The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: June 18, 2026

_____
JON S. TIGAR
United States District Judge

United States District Court
Northern District of California

6